**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

AUSTIN TYLER CATES                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:25-CV-P210-JHM

KENTUCKY STATE PENITENTIARY, *et al.*                          DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiff Austin Tyler Cates, a prisoner at the Kentucky State Penitentiary ("KSP"), proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

Initially, the Court considers Plaintiff's motion to amend his complaint [DN 7] and his motion to file a "First Amended Complaint" [DN 9]. Because Defendants had not yet answered the complaint, Plaintiff did not need leave of Court to amend the original complaint. Fed. R. Civ. P. 15(a). **IT IS ORDERED** that Plaintiff's motion to amend [DN 7] is **DENIED as moot**.

With respect to the Plaintiff's filing of his "First Amended Complaint," the Court interprets this pleading as a motion to file a second amended complaint. [DN 9]. Under Fed. R. Civ. P. 15(a)(2), after a plaintiff files an amended complaint once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider

undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)).

Having considered these factors and because Defendants have yet to be served, **IT IS ORDERED** that Plaintiff's motion to file a second amended complaint [DN 9] is **GRANTED**. The Court will consider the complaint, amended complaint, and second amended complaint in conducting the initial review. The Clerk of Court is **DIRECTED** to change the entry to reflect "Second" amended complaint and not "First."

## I.  STATEMENT OF CLAIMS

Plaintiff sues the Kentucky State Penitentiary ("KSP") and the Kentucky Department of Corrections ("KDOC"); and in their official and individual capacities DOC Commissioner Cookie Crews, KSP Warden Laura Plappert, Lt. Justin Horne, and Sergeant Cortez Butler for violations of his First, Eighth, and Fourteenth Amendment rights under the United States Constitution.

Plaintiff first claims that on November 2, 2025, Defendant Butler subjected Plaintiff to excessive force when he deployed approximately 4.5 ounces of O.C. vapor into Plaintiff's cell to confiscate a suicide resistant blanket. Plaintiff alleges that prior to deploying the O.C. vapor, Defendant Butler said, "You're suing my boss now sue me too." [DN 7-1 at 3]. Plaintiff represents that he was not being aggressive, combative, self-injurious, or non-compliant to warrant the confiscation of his blanket and the deployment of the O.C. vapor. Instead, Plaintiff alleges that this conduct was in retaliation for his previously filed § 1983 civil-rights action, *Cates v. Kentucky State Penitentiary*, No. 5:25-CV-210-JHM. Plaintiff alleges that he suffered air restriction, burning skin, burning eyes, and almost blacked out.

2

Plaintiff's second claim alleges that Defendant Horne violated his rights by refusing medical decontamination for Plaintiff and his cell from the O.C. vapor that was deployed, forcing Plaintiff to "sit in the vapor with the chemicals on his skin and in his eyes for over 24 hours leading to infection in Plaintiffs eye." [DN 9 at 4–5].

In his third claim, Plaintiff alleges that on June 11, 2025, Defendant Horne used excessive force when he deployed his taser on Plaintiff while Plaintiff was fully restrained in handcuffs, shackles, a capture shield at his back, and multiple staff restraining him. [DN 7-1].

In Plaintiff's fourth claim, he asserts that on November 6, 2025, he requested to speak with Defendant Plappert about the use of excessive force by the correctional officers. Plaintiff represents that Defendant Plappert refused to respond. Plaintiff contends that she is aware of the excessive force, knowingly allowed her employees to subject Plaintiff to excessive force, and failed to protect Plaintiff from future harm.

Plaintiff's fifth claim alleges that Defendant Crews and KDOC are responsible for planning, coordinating, and reviewing staff training. Plaintiff represents that he wrote Defendant Crews two letters informing her of the excessive force utilized against him, and Defendant Crews took no action. As with Defendant Plappert, he contends that Defendant Crews and KDOC have knowingly allowed KSP staff to subject Plaintiff to unjustified excessive force, failed to protect him, and continued to permit the use chemical agents and conductive energy weapons without any justified reason. [DN 7-1, DN 9]. With respect to his claims against KDOC, Defendant Plappert, and Defendant Crews, Plaintiff attaches an affidavit to his original complaint in which he states that Defendant Butler has a history of excessive force at KSP of which KDOC officials are aware. [DN 1-1 at 3].

Plaintiff requests compensatory and punitive damages.

3

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the Prisoner Litigation Reform Act ("PLRA") requires the trial court to review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Claims against KSP and KDOC and Official-Capacity Claims

KSP and KDOC are agencies of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against KSP

4

and KDOC.  A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119–24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978).  In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states.  *Whittington v. Milby*, 928 F.2d 188, 193–94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims.  *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).  Thus, Plaintiff's claims against KSP and KDOC must be dismissed.

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Plaintiff sues Defendants in their official capacities.  "Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  The commissioner, warden, and correctional officers are state employees or officials.  Claims brought against state employees in their official capacities are no different from a suit against the Commonwealth of Kentucky.  *See Graham*, 473 U.S. at 166.  State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, the official-capacity claims against Defendants must likewise be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendant Butler

Plaintiff alleges that Defendant Butler used excessive force against him by spraying him and his cell with O.C. vapor. Upon consideration, the Court will allow a First Amendment retaliation claim and an Eighth Amendment excessive-force claim to proceed against Defendant Butler.

#### 2. Defendant Horne

Plaintiff alleges that Defendant Horne violated his rights by refusing medical decontamination for him and his cell from the O.C. vapor that was deployed. Plaintiff also asserts that Defendant Horne used excessive force when he deployed his taser on Plaintiff in June 2025. Upon consideration, the Court will allow an Eighth Amendment deliberate-indifference-to-medical-needs claim and an Eighth Amendment excessive-force claim to proceed against Defendant Horne.

#### 3. Defendant Plappert and Defendant Crews

##### a. Failure to Respond to Plaintiff

Plaintiff complains that both Defendants Plappert and Crews failed to respond or to meet with Plaintiff with respect to his reports of excessive force. In as much as Plaintiff is alleging that Defendants Plappert and Crews did not respond to his grievances, letters, or reports of the alleged excessive force, Plaintiff has not stated a claim because prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("there is no inherent constitutional right

6

to an effective prison grievance procedure") (citing cases); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (same). Furthermore, as discussed below, supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

### b. Supervisory Liability

In as much as Plaintiff alleges that Defendants Plappert and Crews are responsible for the actions of Defendants Butler and Horne, this claim will be dismissed as well. Defendants Plappert and Crews are not liable for Defendants Butler and Horne's behavior because they are these Defendants' supervisors. *See Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citation omitted). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citation omitted). Additionally, the alleged failure of Defendants Plappert and Crews "to take any remedial or disciplinary action against prison personnel for the alleged violation of [Plaintiff's] constitutional rights did not ratify prison personnel's alleged violations of [P]laintiff's constitutional rights, so as to permit [these Defendants] to be held liable under [§ 1983]." S*pirdione v. Washington*, No. 2:22-CV-11018, 2022 WL 1557373, at *2 (E.D. Mich. May 17, 2022) (citing *Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990)).

### c. Failure to Train

Plaintiff alleges that Defendants Plappert and Crews are responsible for planning,

7

coordinating, and reviewing staff training and failed to properly train KSP staff on the appropriate use of force.  In as much as Plaintiff seeks to hold Defendants Plappert and Crews liable *solely* because they are responsible for the training of staff, this is not a sufficient basis on which to impose a failure-to-train claim.

The Sixth Circuit has found that an attempt to hold an officer liable in his individual capacity for his "alleged failure to adequately train employees . . . 'improperly conflates a § 1983 claim of individual supervisory liability with one" against an officer in his official capacity, *i.e.*, against the municipality, county, or state.   *Harvey v. Campbell Cnty.*, 453 F. App'x 557, 563 (6th Cir. 2011) (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 543–44 (6th Cir. 2008)); *see also Flannigan v. Daughtery*, No. 3:22-CV-428-DCLC-DCP, 2024 WL 3588792, at *3 (E.D. Tenn. July 30, 2024); *Penman v. Correct Care Sols., LLC*, No. 5:18-CV-00058 (TBR), 2022 WL 696913, at *20 (W.D. Ky. Mar. 8, 2022) (claim against Warden); *Hollis v. Erdos*, No. 1:19-CV-436, 2020 WL 2395567 (S.D. Ohio May 12, 2020) (same); *Burke v. Thompson*, No. 5:15-CV-00007-TBR, 2016 WL 2587212, at *8 (W.D. Ky. May 4, 2016).

### d. Deliberate Indifference to Substantial Risk of Serious Harm

Plaintiff alleges that Defendants Plappert and Crews in violation of the Eighth Amendment were deliberately indifferent to the substantial risk of serious harm posed by Defendants Butler and Horne and failed to protect Plaintiff from that risk.  Specifically, Plaintiff alleges that Defendants Plappert and Crews were aware that Defendant Butler had a history of excessive force, failed to properly train or retrain Butler and other KSP staff on the appropriate use of force, and failed to protect Plaintiff from harm.

Upon consideration, the Court will allow Plaintiff's Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm/failure to protect to continue against

Defendants Plappert and Crews in their individual capacities. *See Young v. Campbell Cnty., Kentucky*, 846 F. App'x 314, 321 (6th Cir. 2021).

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

1. The following claims are allowed to proceed: a First Amendment retaliation claim against Defendant Butler, Eighth Amendment excessive-force claims against Defendants Butler and Horne, an Eighth Amendment deliberate-indifference-to-medical-needs claim against Defendant Horne, and an Eighth Amendment claim for deliberate indifference to a substantial risk of serious harm/failure to protect against Defendants Plappert and Crews.

2. Plaintiff's § 1983 claims against KSP, the KDOC, and the official-capacity claims for monetary damages against the State Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted.

3. Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to **terminate Defendants KSP and KDOC as parties to this action.**

4. The Court will enter a separate Service and Scheduling Order to govern the continuing claims.

Date:    March 23, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
Defendants Butler, Horne, Plappert, and Crews
4414.014

9